UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARTHINA T. MCCANTS and MARQUITA MACK, on behalf of themselves and all other similarly situated consumers, | Case No.: |
| Plaintiff, | CLASS ACTION COMPLAINT |
| vs. | |
| POMPEY LITIGATION & BUSINESS GROUP; PEOPLE'S COMMERCE INC. | |
| Defendant. | |

Plaintiffs Larthina T. Mccants and Marquita Mack (hereinafter collectively referred to as "Plaintiffs") allege:

## PRELIMINARY STATEMENT

1.     This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3.     Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4.     Plaintiffs Larthina T. Mccants and Marquita Mack are natural persons, who at all relevant times have resided in Philadelphia, Pennsylvania and are a "consumers" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant People's Commerce, Inc. ("PCI") is a corporation doing business in the State of Pennsylvania, with its corporate address as 1001 W. Ridge Pike, Conshohocken, Pennsylvania 19428 and is "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a).

6.      Defendant Pompey Litigation & Business Group ("Pompey") conducts business in the State of Pennsylvania, with its business address as 157B Bridgeton Pike, Suite 275, Mullica Hill, New Jersey 08062.

## FACTUAL STATEMENT

7.      On a date better known by Defendant, Plaintiffs took out leases for their respective vehicles.

8.      Plaintiffs incurred said lease debts on cars used for personal, family or household purposes and not for business purposes.

9.      People's Commerce Inc. is the original creditor for both of Plaintiffs debts.

10.      Under 15 U.S.C. §1692(a)(6), "a creditor who, in the process of collecting his own debts, uses a name other than his own which would indicate that a third person is collecting or attempting to collect such debts," is a debt collector.

11.      Upon information and belief, Defendant PCI is a debt collector within 15 U.S.C. §1692(a)(6).

12.      The basis for this belief begins with Exhibit A.

13.      Exhibit A is a letter sent directly from Defendant seeking to collect on an alleged balance owed.

14.   Notably, the letter is signed by Stephanie M. Pompey who is designated as People's "Compliance Lead". The number provided for Ms. Pompey is 484.344.5300, and the email address is stephanie@peoplescomerce.net.

15.   Exhibits B and C are dunning letters sent to Plaintiffs.

16.   Exhibits B and C appear to come from a third party debt collector—Defendant Pompey Litigation & Business Group.

17.   Upon closer inspection, Exhibits B and C are *also* sent from Stephanie M. Pompey. Further Exhibits B and C provide an email address of stephanie@peoplescomerce.net and a phone number of 484.344.5303.

18.   Accordingly, given that the same person is sending both letters, it appears that Pompey is merely a front for PCI to collect debts using a different name, presumably to effectuate better collection results.

19.   Further evidencing the fact that Pompey is used solely as a tool to collect debts for PCI is Pompey Litigation & Business Group's website. In 2015, the website was active at pomplaw.com. However, at present, Pompey Litigation & Business Group does not have any website, as it does not appear to have any need for marketing given that it merely works as a collection arm of People.

20.   Alternatively, Defendant Pompey is its own entity, not operated or controlled by PCI or its employees, and it is a debt collector.

21.   Exhibits B and C are false, deceptive, and misleading for a number of reasons.

22.   The letter repeatedly threatens litigation, overshadowing Defendant's dispute rights. First, the letter states "**In Re Lease #.**" The intention is clear: use legal jargon to make the least sophisticated consumer believe that legal action is imminent. Second, the letter clearly threatens litigation in bold letters stating that Plaintiffs should pay their balance to **"avoid costly and**

**protracted legal action**" followed a few lines later by "**court action**." Third, the letter states clearly that "Peoples commerce has authorized me to file a lawsuit thereafter without further notice," further overshadowing the consumer dispute right by implying suit may be filed as soon as the thirty period is exhausted regardless of whether the consumer disputes the debt within the thirty days.

23.    Notwithstanding the above, Exhibits B and C are initial dunning letters from an allegedly new entity and therefore require proper 30 day disclosures under the FDCPA. The required disclosures were not provided to Plaintiffs.

## CLASS ACTION ALLEGATIONS

### The Class

24.    Plaintiffs brings this as a class action pursuant to Fed. R. Civ. P. 23.

25.    Plaintiffs seeks certification of the following classes, initially defined as follows:

**Overshadowing Class: All consumers within the State of Pennsylvania that have received collection letters from Defendants concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint that overshadow the thirty day notice.**

**Disclosure Class: All consumers within the State of Pennsylvania that have received collection letters from Defendants concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint that do not disclose consumer dispute rights.**

26.    Excluded from the Class are Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants.

### Numerosity

27.    Upon information and belief, Defendants have sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers throughout Pennsylvania, each of which violates

the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28.    The letters sent by Defendants, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

29.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

## Common Questions of Law and Fact

30.    There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendants violated various provisions of the FDCPA; (ii) whether the Plaintiffs and the Class have been injured by the conduct of Defendants; (iii) whether the Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

31.    The Plaintiffs' claims are typical of the claims of the class members.  Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claim arising out of the Defendants' common uniform course of conduct complained of herein. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

32.    Plaintiffs will fairly and adequately represent the Class members' interests, in that the Plaintiffs' counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

33.    Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

34.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

35.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

36.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

37.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.    Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

39.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the

adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

40.     Absent a class action, the Class members will continue to suffer losses borne from Defendants' breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq.***

41.     Plaintiffs repeat the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

42.     Exhibits B and C make a number of false and deceptive representations concerning the likelihood of Defendants to imminently sue on the debt. Further, the letters overshadow the Plaintiffs dispute rights. Finally, Exhibits B and C fail to provide the required disclosures. Accordingly, Defendants have violated the below provisions of the FDCPA.

43.     Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

(5)     The threat to take any action that is not intended to be taken;

(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

44.     Section 1692f provides:

**§ 1692f. Unfair Practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

45.     Section 1692g provides:

**§ 1692g. Validation of debts**

(a)  Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1)  the amount of the debt;

(2)  the name of the creditor to whom the debt is owed;

(3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b)  Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original

**creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

WHEREFORE, Plaintiffs, LARTHINA MCCANTS and MARQUITA MACK, respectfully requests that this Court do the following for the benefit of Plaintiffs:

A. Certify the class described herein and appoint Plaintiffs as Lead Plaintiffs, and Plaintiffs' Counsel as Lead Counsel;

B. Enter judgment against Defendants for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00 for Plaintiffs and each member of the class;

C. Provide injunctive relief in the form of stopping Defendants from seeking illegal fees from consumer;

D. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

46.     Plaintiffs demand a jury trial on all issues so triable.

Dated this 5th of April, 2017.

Respectfully Submitted,

s/ Daniel Zemel_____
Daniel Zemel Esq.
Zemel Law, LLC
70 Clinton Ave.
Newark, NJ 07114
Phone: 862-227-3106
Email: dz@zemellawllc.com